# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MAINE

| | | |
|---|---|---|
| **BRETT BABER**, *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00465-LEW |
| | ) | |
| **MATTHEW DUNLAP, Secretary of the State of Maine.** | ) ) | **EMERGENCY INJUNCTIVE RELIEF SOUGHT** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

**PLAINTIFFS REQUEST A HEARING ON WEDNESDAY, NOVEMBER 14, 2018, AT 9:00 A.M., OR AS SOON THEREAFTER AS THIS MOTION MAY BE HEARD BY THE COURT.**

Plaintiffs Brett Baber, Terry Hamm-Morris, Mary Hartt, and Bruce Poliquin, by and through counsel, hereby move this Court on an emergency basis, pursuant to Fed. R. Civ. P. 65(b)(1), for a temporary restraining order preventing the Defendant, and all persons under his direction, supervision, or control, from enforcing or applying Maine's Ranked Choice Voting Act (the "RCV Act") to determine the winner of the November 6, 2018 general election for U.S. Representative from Maine's Second Congressional District.  Specifically, Plaintiffs request that the Defendant temporarily be ordered to: (1) discontinue the counting of votes, (2) halt the tabulation of the results of any such count, and (3) refrain from certifying a winner of the election, until a hearing on Plaintiffs' request for a preliminary injunction can be held.

Plaintiffs are citizen voters and a candidate for federal office who cast ballots in the November 6, 2018 election for the U.S. House of Representatives in Maine's Second Congressional District, which was administered under the RCV Act.  Earlier today, Plaintiffs filed suit asking this court to enjoin the RCV Act based on federal constitutional and statutory claims. Specifically, Plaintiffs allege that the RCV Act violates Article I, § 2 of the United States Constitution, which sets a plurality vote as the qualification for election to the U.S. House of Representatives, by changing the substantive qualification to an absolute majority vote.  Plaintiffs also allege that the RCV Act denies them and other Maine voters of the right to vote effectively and to vote for candidates of their own choice in violation of the First and Fourteenth Amendments to the U.S. Constitution and the Voting Rights Act.

Defendant, through counsel, was served with notice of this suit.  Instead of halting the tabulation, however, the Secretary of State continues to count votes under the RCV Act and plans to certify a winner of the election based on operation of the Act.  While the specific timeframe for completing the count is not certain, it is likely that the tabulation will be completed before a hearing on the preliminary injunction can be held.  Thus, immediate relief is needed to preserve the status quo.

In "considering a request for a temporary restraining order, the court must determine: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effect that the injunction or its denial would have on the public interest." *Toddle Inn Franchising*, *LLC v. KPJ Assocs. LLC*, No. 2:18-CV-00293, 2018 WL 3676826, at *2 (D. Me. Aug. 2, 2018); *see also Arborjet*, *Inc. v. Rainbow Treecare Sci. Advancements*, *Inc.*, 794 F.3d 168, 171 (1st Cir. 2015).

As elaborated more fully in Plaintiffs' Motion for Preliminary Injunction, Plaintiffs meet this standard. Plaintiffs are entitled to immediate relief to preserve the status quo because: (1) Maine may not alter the U.S. Constitution's substantive qualification to serve as a member of the U.S. House of Representatives; (2) the RCV Act violates the Voting Rights Act and the State has no compelling interest for burdening the constitutional right to vote by enforcing the RCV Act; (3) Plaintiffs will face irreparable harm to their constitutional right to vote if the Secretary proceeds with additional rounds of vote counting in a virtual runoff election; (4) a temporary restraining order will impose no additional burden on the Secretary; and (5) the protection of Plaintiffs' constitutional right to vote is in the public interest.

In accordance with F.R. Civ. P. 65(b)(1), undersigned counsel certify that notice has been given to the attorneys for Defendant Dunlap as well as to the attorneys for Intervenor Defendant Golden, to wit: a letter was sent to the Assistant Attorney General who represents Defendant Dunlap by email and regular mail earlier this morning, providing a courtesy copy of the Complaint, Motion for Preliminary Injunction, and associated filings, and further requesting that Defendant cease further counting and tabulation of the ballots. On information and belief, and notwithstanding that request to cease processing the ballots, Defendant has continued same. Additionally, undersigned counsel certify that they informed the attorneys for Defendant Dunlap and for Intervenor Defendant Golden this afternoon that, given the continued counting and tabulation of ballots, Plaintiffs would be filing a Motion for Temporary Restraining Order on the afternoon of November 13, 2018. Plaintiffs respectfully submit that they will suffer immediate and irreparable harm if the Court does not hear and address this issue on an expedited basis, as set forth in the attached Affidavit, given the continued counting and tabulation of the ballots and the anticipated forthcoming certification of the result.

Additionally, and in accordance with F.R. Civ. P. 65(b)(1), this Motion is supported by the Affidavit of Brett Baber, which is attached as Exhibit A.

For the above-stated reasons, Plaintiffs request that the Court enter a temporary restraining order to immediately halt the counting and tabulation of votes under the RCV Act and to prevent Maine's RCV Act from being used to determine the winner of the November 6, 2018 general election for U.S. Representative from Maine's Second Congressional District until such time as the Court can more fully consider the parties' legal arguments and hold a hearing on Plaintiffs' request for a preliminary injunction.  **Plaintiffs, again, respectfully request to be heard on Wednesday, November 14, 2018, at 9:00 a.m., or as soon thereafter as the Court may accommodate.**

DATED: November 13, 2018                              Respectfully submitted,


                                                     /s/ *Lee E. Goodman*

                                                     Lee E. Goodman (pro hac vice pending)
                                                     Andrew G. Woodson (pro hac vice pending)
                                                     Eric Wang (pro hac vice pending)
                                                     WILEY REIN LLP
                                                     1776 K Street, NW
                                                     Washington, D.C. 20006
                                                     Phone: (202) 719-7000
                                                     Fax: (202) 719-7049
                                                     lgoodman@wileyrein.com
                                                     AWoodson@wileyrein.com
                                                     EWang@wileyrein.com

/s/ *Joshua A. Tardy*
Joshua A. Tardy
Joshua A. Randlett, Esq.
RUDMAN WINCHELL
84 Harlow Street; P.O. Box 1401
Bangor, ME 04402-1401
Phone: (207) 997-4501
jtardy@rudmanwinchell.com
jrandlett@rudmanwinchell.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2018, I electronically filed the foregoing document entitled Plaintiffs' Motion for a Temporary Restraining Order and supporting documents via the Court's CM/ECF system, which will serve a copy of same upon all counsel of record.

DATED: November 13, 2018

                                            /s/ *Joshua A. Randlett*
                                            Joshua A. Randlett, Esq.