## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| BRETT BABER, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No.: 1:18-cv-00465-LEW ) ) |
| MATTHEW DUNLAP, | ) ) |
| Defendant, | ) |

## UNOPPOSED MOTION TO INTERVENE
## OF TIFFANY BOND,
## RACHAEL WOLLSTADT AND KAYLEE MICHAUD

Tiffany Bond, an independent candidate to represent Maine's Second Congressional District, Kaylee Michaud, a registered Maine voter, and Rachael Wollstadt, a registered Maine voter (collectively, the "Bond Defendants"), through their undersigned counsel, move to intervene as defendants in the above-captioned matter pursuant to Fed. R. Civ. P. 24(a)(2) because they hold a unique interest in the lawful implementation of Maine's ranked-choice voting laws not sufficiently represented by existing parties. Alternatively, the Bond Defendants move for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(1)(B) because their defenses share common questions of law with the pending action, and their intervention will not cause prejudice to any original parties.

The Bond Defendants' motion is unopposed by the original parties, and unopposed by prospective intervenor Jared Golden.

The Bond Defendants additionally move for leave to supplement this expedited motion with Fed. R. Civ. P. 24(c) responsive pleadings pursuant to the briefing schedule to be determined by the Court.

Independent congressional candidate Tiffany Bond has a unique and personalized interest in both the method of tallying ballots cast in the Second Congressional District election, *and* in the outcome of the race. Candidate Bond entered the race with the expectation that Maine's ranked-choice voting procedures ensured that an independent candidate for federal office would never become a so-called "spoiler" by diverting votes from either major party. The Bond Voters, Ms. Wollstadt and Ms. Michaud, similarly relied upon the availability of ranked-choice voting procedures when they cast their first-round vote for Ms. Bond knowing that their secondary and tertiary candidate choices would be tallied if Ms. Bond was unsuccessful. Plaintiffs now request that the Bond Defendants' reasonable reliance on implementation of ranked-choice voting be cast aside to their detriment, effectively disenfranchising the Bond Defendants from their rightful role in the ranked-choice voting process.

## ARGUMENT

Intervention of right is available where a party "claims an interest relating to the … transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the applicant's ability to protect its interest, unless existing parties represent that interest," Fed. R. Civ. P. 24(a)(2). Permissive intervention is available at the Court's discretion wherever

claims share a "question of fact or law in common," without prejudicing the original parties. Fed. R. Civ. P. 24(b)(1)(B).

Courts have recognized that candidates in a contested election have a unique and demonstrable interest in the outcome of that election. *See Hoblock v. Albany Cty. Bd. of Elections*, 233 F.R.D. 95, 97 (N.D.N.Y. 2005). *Hoblock* involved a lawsuit filed by voters against a county elections board alleging that the election board's handling of absentee ballots violated absentee voters' Fourteenth Amendment protections. *Id.* The *Hoblock* Court permitted candidates in the disputed election to intervene as a matter of right, concluding those candidates must have the right to "adequately protect their own interests" jeopardized by litigation challenging the outcome of their election. *Hoblock*, 233 F.R.D. at 97, 99. Voters have their own interest in the elections process distinguishable from a candidate's interest. *See Griffin v. Burns*, 570 F.2d 1065 (1st Cir. 1978). "A person's interest in participating in the political process through voting and having his vote counted is a right both individual and personal in nature." *Griffin*, 570 F.2d at 1072 (internal quotations and citations omitted).

The Bond Defendants have personalized interests in the November 6, 2018 congressional election unique from all other parties and prospective intervenors.

Like the *Hoblock* intervenors, Candidate Bond has a unique interest in the outcome of the election. Candidate Bond relied upon the availability of Maine's ranked-choice voting law, 23-A M.R.S.A. § 723-A, in her decision to enter the race and campaign in a manner that promoted use of the ranked-choice voting

3

mechanisms. Candidate Bond, in turn, has established an interest in both the election's outcome, *and* in ensuring the election's procedure is consistent with Maine's rank-choice voting law which she relied upon as a candidate.

The Bond Voters have a distinguishable interest in ensuring that their votes are counted in a manner consistent with their expectations when they cast ballots with knowledge of Maine's ranked-choice voting procedures. *See generally Griffin*, 570 F.2d at 1072. That means the Bond Voters are entitled to ensure that their secondary candidate selections are counted in subsequent vote-tallying rounds, rather than disregarded after a preliminary round of vote tallying.

No other party – including the Maine Secretary of State – can sufficiently advocate the Bond Defendants' interests and legal positions. Adequacy of existing representation is regarded as "only a minimum barrier to intervention." *Moosehead Sanitary Dist. v. S. G. Phillips Corp.,* 610 F.2d 49, 54 (1st Cir. 1979). To overcome the minimum barrier, "[a]n intervenor need only show that representation may be inadequate, not that it is inadequate." *Conservation Law Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992).

*Marshall v. Meadows*, 921 F. Supp. 1490 (E.D. Va. 1996), held that a prospective intervenor was inadequately represented by the State because the intervenor raised a laches defense, but the state was not "in a position to argue [laches] forcefully," 921 F. Supp. at 1492. Here, similarly, the Secretary of State cannot demonstrate the same heightened prejudicial reliance on the use of ranked-

4

choice voting laws that the Bond Defendants would suffer if Plaintiffs' requested relief is granted.

In fact, the Bond Defendants' respective interests in this matter are centered on their defense of a reasonable reliance on established ranked-choice voting procedures when they participated in the November 6 election. The Bond Defendants made decisions to their detriment when deciding to run for office or to cast their first round vote for an independent candidate. Plaintiffs now seek relief from the Court that would effectively disenfranchise the Bond Defendants from the outcome of the election *because* of their reliance on the availability of ranked-choice voting procedures. Like *Marshall*, 921 F. Supp. at 1492, the State's inability to make a clear showing of prejudicial reliance here or to forcefully argue the laches defense entitles the Bond Defendants to intervene to sufficiently advocate for their interests now threatened by Plaintiff's Complaint.

Granting the Bond Defendant's motion to intervene, either as a matter of right or as a permissive intervention, will not prejudice any of the original parties – none of whom oppose this motion – because the Bond Defendants participation in the matter as intervenors will not require any enlargements of time or supplemental briefing deadlines. The parties are prepared to timely respond to all deadlines set by the Court.

## CONCLUSION

WHEREFORE, for the above-stated reasons, Candidate Tiffany Bond and Voters Kaylee Michaud and Rachael Wollstadt, respectfully request that the Court

grant the unopposed motion to intervene in the above-captioned matter pursuant to Fed. R. Civ. P. 24(a)(2) or 24(b)(1)(B).

Dated at Portland, Maine, this 14th day of November, 2018.

                                  Respectfully submitted,

                                  /s/ James G. Monteleone
                                Michael R. Bosse, Bar No. 8358
                                James G. Monteleone, Bar No. 5827

                                Attorneys for Prospective Intervenors
                                Tiffany Bond, Kaylee Michaud, and
                                Rachael Wollstadt

                                BERNSTEIN SHUR
                                100 Middle Street
                                Portland, Maine 04101
                                207-774-1200

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing Motion to Intervene with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to all counsel of record in this matter.

Dated:  November 14, 2018                                    /s/  James G. Monteleone
                                                                                   James G. Monteleone